**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | **CIVIL ACTION NO. 2:09-CV-00864** |
| **Plaintiff,** | ) ) | |
| v. | ) ) ) | **AMENDED COMPLAINT AND JURY TRIAL DEMAND** |
| **JP MORGAN CHASE BANK, N.A.,** | ) ) | |
| **Defendant.** | ) ) | Judge Smith |
| _____ | ) ) | Magistrate Judge Kemp |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Aimee Doneyhue and other similarly situated, current and former, female employees who were adversely affected by the practices. As set forth in more detail below, the U.S. Equal Employment Opportunity Commission (the "Commission") alleges that Defendant JP Morgan Chase Bank, N.A. ("Defendant") discriminated against Aimee Doneyhue, and female employees as a class, by subjecting them to different terms and conditions of employment as compared to similarly situated male employees.  The disparate treatment received by female employees negatively impacted their compensation, including their ability to earn bonuses and commissions.  The Commission further alleges that Defendant subjected the female employees to a sexually hostile work environment which included the imposition of sex-based loan assignments, sex-based loan processing, and sex-based demeaning remarks, all created, fostered and maintained by male supervisors.  Although Defendant's human resource office and other responsible management officials were aware of the abusive and sexually

harassing environment, Defendant failed to conduct a proper investigation, and failed to take prompt or appropriate corrective action to stop the harassment.  Instead of investigating Doneyhue's complaints that female employees were being subjected to a sexually hostile work environment and other discriminatory treatment, Defendant retaliated against her by ridiculing her for having complained to management about the aforementioned practices, and by terminating her employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1991, § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, JP Morgan Chase Bank, N.A., has continuously been a national banking association chartered under the laws of the United States of America, doing business in the State of Ohio, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, Aimee Doneyhue filed a charge with the Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least April 2007, when Aimee Doneyhue began working at the Polaris Park, Columbus, Ohio facility as a Mortgage Consultant/Home Loan Sales Originator, Defendant has engaged in unlawful employment practices in violation of Sections 703(a)(1)-(2) and 704(a) of Title VII, 42 U.S.C. § 2000e-(2)(a)(1)-(2) and § 2000e-3(a).  The unlawful employment practices include, but are not limited to, the following:

(a)    subjecting Doneyhue and similarly situated female employees to disparate terms and conditions of employment including but not limited to removing them from the call queue and thereby channeling the lucrative calls to the male employees, and depriving Doneyhue and similarly situated female employees of working on large client loans in favor of male employees working on these loans, all which negatively impacted the female employees' compensation, including their ability to earn commissions and bonuses;

(b)    subjecting Doneyhue and similarly situated female employees to a sexually hostile work environment, including but not limited to Defendant's disparate assignment of loans and disparate methods of approving loans, designed to deprive females from opportunities to earn commissions and bonuses, and instead enabling male employees to earn commissions and bonuses;

(c)    subjecting Doneyhue and similarly situated female employees to a sexually hostile work environment, including but not limited to manager Ray Wile addressing Doneyhue and other females in a demeaning manner, such as "girlie," questioning whether Doneyhue could work in the "boys club," addressing Doneyhue as "prego," "big fat Mama," and "hormonal" when she was pregnant and participating and laughing at pregnancy jokes, calling her "idiot," "pain in the ass," and "black eye for Chase," remarking with other male managers about the bodies and physical appearances of female employees in their presence;

3

(d) failing to investigate Doneyhue's complaints to manager Terry Ritter (male) and to Human Resources that she and similarly situated female employees were being subjected to the sexually hostile work environment;

(e) failing to take prompt or appropriate corrective action once Doneyhue notified Defendant's Human Resource office and responsible management officials of the sexually hostile work environment, and instead, subjecting Doneyhue to excessive meetings and heightened scrutiny in her work;

(f) causing Doneyhue and similarly situated female employees to suffer various forms of harm, including but not limited to, tangible job detriment and economic harm including the inability to earn and/or the removal of commissions and bonuses, and threats of termination for failure to meet their goals, based upon the sexually hostile work environment created, fostered and maintained by male supervisors;

(g) retaliating against Doneyhue for complaining about the practices set forth in subparagraphs (a) through (f) above by tampering with her commissions and loan assignments, subjecting her to continued sexually hostile remarks, ridicule, and heightened job scrutiny; and

(h) discharging Doneyhue on or about May 2, 2008 as a result of her complaints of sexual harassment and after she advised Defendant that she had consulted with the EEOC, and received information from the EEOC which led her to reasonably believe Defendant's conduct violated Title VII.

8. The effect of the practices complained of in paragraph 7 (a) through (h) above, has been to deprive Aimee Doneyhue and similarly situated current and former female employees who worked at Defendant's Polaris Park facility during the period from July 8, 2006 to the present, of equal employment opportunities, on the basis of sex and Doneyhue's engaging in conduct protected by Title VII.

9. The unlawful employment practices complained of above, as set forth in paragraph 7 (a) through (h), were, and are, intentional.

10. The unlawful employment practices complained of above, as set forth in paragraph 7 (a) through (h), were and are done with malice or with reckless indifference to the federally protected rights of Aimee Doneyhue and similarly situated current and former female

4

employees who worked at Defendant's Polaris Park facility during the period from July 8, 2006 to the present.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination on the basis of sex in violation of Sections 703(a)(1)-(2), 42 U.S.C. § 2000e-(2)(a)(1)-(2).

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in retaliatory practices in violation Section 704(a) of Title VII, 42 U.S.C. 2000e-3(a).

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make whole Aimee Doneyhue and similarly situated current and former female employees who worked at Defendant's Polaris Park facility during the period from July 8, 2006 to the present, by providing appropriate backpay, including but not limited to bonuses and commissions, with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the reinstatement of Doneyhue and similarly situated current and former female employees who were separated from their employment, as a result of the unlawful employment practices alleged above in Paragraph 7 (a) through (h).

E. Order Defendant to make whole Aimee Doneyhue, and all similarly situated current and former female employees who worked at Defendant's Polaris Park facility during the

period from July 8, 2006 to the present, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 (a) through (h) above, including relocation expenses, job search expenses, medical and any other expenses incurred as a result of the unlawful conduct alleged in the Commission's Complaint.

F. Order Defendant to make whole Aimee Doneyhue and all similarly situated current and former female employees who worked at Defendant's Polaris Park facility during the period from July 8, 2006 to the present, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 (a) through (h) above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

G. Order Defendant to pay Aimee Doneyhue and all similarly situated current and former female employees who worked at Defendant's Polaris Park facility during the period from July 8, 2006 to the present, punitive damages for its malicious and reckless conduct described in paragraph 7 (a) through (h) above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

Washington, DC

/s/_____
Debra M. Lawrence
Acting Regional Attorney
Baltimore, Maryland

/s/_____
Solvita A. McMillan (0040011)
Senior Trial Attorney
EEOC Cleveland Field Office
AJC Federal Building – Suite 3001
1240 East 9th Street
Cleveland, Ohio   44199
solvita.mcmillan@eeoc.gov

CERTIFICATE OF SERVICE

I hereby certify that Plaintiff's Amended Complaint and Jury Trial Demand was served this 27th day of January, 2010, through the Court's electronic filing procedures, upon the following counsel of record:

>Angelique Paul Newcomb
>Eve M. Ellinger
>Schottenstein, Zox & Dunn
>250 West Street
>Columbus, Ohio 43215
>
>Mark S. Dichter
>Morgan Lewis & Bockius
>1701 Market Street
>Philadelphia, Pennsylvania 19103-2921

/s/_____
Debra M. Lawrence

7