IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : | Case No. 2:09-CV-00864 |
| Plaintiff, | : | Judge George C. Smith |
| v. | : | Magistrate Judge Terence P. Kemp |
| JP MORGAN CHASE BANK, N.A., | : | |
| Defendant. | : | |

## DEFENDANT'S ANSWER TO AMENDED COMPLAINT

NOW COMES Defendant JPMorgan Chase Bank, N.A., and for its Answer to the Amended Complaint in the within matter states as follows:

## RESPONSE TO NATURE OF THE ACTION

Defendant admits that Plaintiff purports to bring this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, but denies that it engaged in any unlawful employment practices on the basis of sex and retaliation, or on any basis, and denies that Aimee Doneyhue, or any similarly-situated current and/or former female employee, was adversely affected by any of its employment practices. Defendant denies that it discriminated against Ms. Doneyhue, or female employees as a class, and denies that it subjected Ms. Doneyhue or any other female employee to different terms and conditions of employment as compared to similarly-situated male employees. Defendant denies that its female employees received disparate treatment that negatively impacted their compensation, or their ability to earn bonuses or commissions. Defendant further denies that its female employees were subject to a sexually hostile work environment; denies that loans were assigned and processed according to sex; denies that sex-based demeaning remarks were made; and denies that its male supervisors

"created, fostered and maintained" a sexually hostile work environment. Defendant denies that its human resource office, or other responsible management officials, were made aware of any "abusive and sexually harassing work environment" and denies that one existed. Defendant further denies that it failed to conduct a proper investigation and failed to take prompt an appropriate corrective action to stop harassment, and avers that it responded appropriately to every complaint Ms. Doneyhue made about her employment. Defendant denies that it retaliated against Ms. Doneyhue in any manner, and denies that it terminated her employment. Defendant denies each and every other allegation contained in the "Nature of the Action" Paragraph of Plaintiff's Complaint.

## RESPONSE TO JURISDICTION AND VENUE

1. Answering Paragraph No. 1 of the Complaint, Defendant admits the allegations contained therein.

2. Answering Paragraph No. 2 of the Complaint, Defendant admits that venue is proper in this Court, but denies that it engaged in any unlawful employment practices.

## RESPONSE TO PARTIES

3. Answering Paragraph No. 3 of the Complaint, Defendant admits the allegations contained therein.

4. Answering Paragraph No. 4 of the Complaint, Defendant lacks knowledge or information sufficient to understand what "at all relevant times" means, and denies the same on that basis. Further answering, Defendant admits the remaining allegations contained therein.

5. Answering Paragraph No. 5 of the Complaint, Defendant avers that the allegations contained therein constitute legal conclusions to which no responsive pleading is required.

## RESPONSE TO STATEMENT OF CLAIMS

6. Answering Paragraph No. 6 of the Complaint, Defendant admits the allegations contained therein.

7. Answering Paragraph No. 7 of the Complaint, including subparagraphs (a) through (h), Defendant denies the allegations contained therein.

8. Answering Paragraph No. 8 of the Complaint, Defendant denies that it engaged in any unlawful employment practices and denies each and every other allegation contained therein.

9. Answering Paragraph No. 9 of the Complaint, Defendant denies that it engaged in any unlawful employment practices and denies each and every other allegation contained therein.

10. Answering Paragraph No. 10 of the Complaint, Defendant denies that it engaged in any unlawful employment practices and denies each and every other allegation contained therein.

## RESPONSE TO PRAYER FOR RELIEF

11. In response to the "Prayer for Relief," including subparagraphs (A) through (I), Defendant denies that it engaged in any unlawful conduct and denies that Plaintiff, Aimee Doneyhue, or any similarly-situated female employee is entitled to the relief sought or to any other relief.

12. Defendant denies all the Complaint allegations not specifically admitted herein as true.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

13. Defendant avers that the Complaint and each and every other claim therein, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

14. Defendant avers that Plaintiff's claims, in whole or in part, are barred by applicable statute of limitations.

## THIRD DEFENSE

15. Defendant avers that Plaintiff's claims, in whole or in part, are barred by the doctrine of laches and/or the doctrines of waiver and estoppel.

## FOURTH DEFENSE

16. Defendant avers that Plaintiff's claims are barred, in whole or in part, because Aimee Doneyhue has failed and continue to fail to act reasonably to mitigate the damages which have been alleged in this action.

## FIFTH DEFENSE

17. Defendant avers that Plaintiff's claims are barred, in whole or in part, because Defendant had a lawful anti-harassment policy in place at the time of Plaintiffs' employment, distributed this policy to Aimee Doneyhue and educated her about it, and Aimee Doneyhue unreasonably failed to avail herself of the protections of this policy or to otherwise avoid harm.

## SIXTH DEFENSE

18. Defendant avers that Plaintiff's claims are barred, in whole or in part, because Aimee Doneyhue was not subjectively offended by, consented to and/or welcomed the conduct about which Plaintiff now complains on Ms. Doneyhue's behalf.

## SEVENTH DEFENSE

19. Defendant reserves the right to assert defenses, affirmative or otherwise, as Plaintiff's claims are clarified during the course of this litigation.

WHEREFORE, having answered, Defendant JPMorgan Chase Bank, N.A., prays that Plaintiff's Complaint be dismissed, with prejudice and in its entirety; that judgment be entered against Plaintiff and in favor of Defendant for all costs and attorney's fees incurred in defending this action; and that Defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,
SCHOTTENSTEIN, ZOX & DUNN

/s/ Angelique Paul Newcomb
Angelique Paul Newcomb (0068094)
250 West Street
Columbus, Ohio 43215-2538
(614) 462-2257 (telephone)
(614) 462-5135 (facsimile)
E-mail: anewcomb@szd.com
*Trial Attorney for Defendant*

OF COUNSEL:

Eve M. Ellinger (0073742)
SCHOTTENSTEIN, ZOX & DUNN
250 West Street
Columbus, Ohio 43215-2438
(614) 462-5037 (telephone)
(614) 462-5135 (facsimile)
E-mail: eellinger@szd.com

Mark S. Dichter (admitted *pro hac vice*)
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
(215) 963-5291 (telephone)
(215) 963-5001 (facsimile)
E-mail: mdichter@morganlewis.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Answer to Amended Complaint was electronically filed this 2nd day of February 2010, and served via the Court's electronic notification system upon the following:

>Debra M. Lawrence, Esq.
>Acting Regional Attorney
>EEOC
>10 S. Howard Street, 3rd Floor
>Baltimore, Maryland 21201
>
>and
>
>Solvita A. McMillan, Esq.
>EEOC Cleveland Field Office
>AJC Federal Building—Suite 3001
>1240 East 9th Street
>Cleveland, OH  44199
>
>*Attorneys for Plaintiff*

>/s/ Angelique Paul Newcomb
>Angelique Paul Newcomb