IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

  vs.            Civil Action 2:09-CV-864
                Judge Smith
                Magistrate Judge King

JP MORGAN CHASE BANK, N.A.,

    Defendant.


<u>OPINION AND ORDER</u>

   Plaintiff Equal Employment Opportunity Commission ("EEOC")
alleges that defendant JP Morgan Chase Bank, N.A. ("Chase") subjected
female employees, as a class, to terms and conditions that differed
from those of similarly situated male employees, in violation of Title
VII, 42 U.S.C. § 2000e-5, as amended by 42 U.S.C. § 1981a.  This
matter is before the Court on *Plaintiff's Motion to Compel Complete
Responses to Plaintiff's Second Document Requests*, Doc. No. 30
("*Motion to Compel*").  For the following reasons, the *Motion to Compel*
is **GRANTED in part and DENIED in part**.

I.  **BACKGROUND**

   The Court has previously set forth at length the factual
background of this action.  *See Opinion and Order*, Doc. No. 42.
Briefly, Aimee Doneyhue worked as a mortgage/home loan sales
originator/consultant in the sales department at Chase's Polaris Park,
Columbus, Ohio facility ("Sales Department" and "the Polaris
facility") from April 2007 until May 2, 2008.  *Id.; Amended Complaint*,

Doc. No. 9, ¶ 7.

        After her employment with Chase ended,[1] Ms. Doneyhue filed a
charge with the EEOC alleging that Chase violated her rights under
Title VII. *Amended Complaint*, ¶ 6. Unable to resolve the dispute at
the administrative level, the EEOC filed the original *Complaint*, Doc.
No. 2, which was transferred to this seat of court. *Order*, Doc. No.
3. The EEOC subsequently filed the *Amended Complaint*, alleging, *inter
alia*, that Chase engaged in unlawful employment practices, which
"deprive[d] Aimee Doneyhue and similarly situated current and former
female employees who worked at Defendant's Polaris Park facility
during the period from July 8, 2006 to the present, of equal
employment opportunities, on the basis of sex and Doneyhue's engaged
in conduct protected by Title VII." *Amended Complaint*, ¶¶ 7-8. For
instance, the EEOC specifically alleges that, *inter alia*, Chase
removed female employees from the call queue and directed "lucrative
calls to the male employees[.]" *Id*. at ¶ 7(a).[2] The EEOC seeks
injunctive and monetary relief on behalf of Ms. Doneyhue and the
members of the putative class described *supra*.[3]

        Chase served its objections and responses to the EEOC's second
request for production of documents. *Exhibit A*, attached to *Motion to*

---

        [1]The parties disagree whether Ms. Doneyhue resigned or was terminated
from her employment.

        [2]The EEOC details that Chase programmed the Polaris facility's automated
call distribution ("ACD") system to route inbound calls according to an
electronic code that grouped calls into different "skills" or "queues"
identified by a 3-digit number. *Motion to Compel*, pp. 1-4. Chase assigned a
3-digit "skill" or "queue" to each mortgage consultant ("MC")and that code
determined the type of calls that each MC would receive. *Id*. at 1-3.

        [3]On January 20, 2011, EEOC's counsel advised Chase's counsel that Ms.
Doneyhue  was withdrawn as both a witness and a claimant. *Tab D*, attached to
*Exhibit 1*, attached to Doc. No. 50.

*Compel*.  The parties were unable to resolve their dispute

extrajudicially and the EEOC filed the current *Motion to Compel*.

Chase thereafter supplemented its objections and responses, arguing

that this supplemental response mooted many of the issues raised in

the *Motion to Compel*.  *Defendant's Memorandum in Opposition to*

*Plaintiff's Motion to Compel Responses to Its Second Set of Discovery*

*Requests (Doc. #30)*, Doc. No. 41 ("*Memo. in Opp.*").  The EEOC

disagrees, contending that many of Chase's supplemental responses

remain deficient.  *Reply Memorandum in Support of EEOC's Motion to*

*Compel Complete Responses to Its Second Set of Discovery Requests*,

Doc. No. 45 ("*Reply*") (acknowledging that disputes related to only

Document Request Nos. 24 and 26 were resolved; the EEOC also withdrew

its motion as to Document Request No. 34), and *Exhibit M*,[4] attached

thereto.

## II.  STANDARD

Determining the proper scope of discovery falls within the broad

discretion of the trial court.  *Lewis v. ACB Business Servs., Inc.*,

135 F.3d 389, 402 (6th Cir. 1998).  Rule 26(b) of the Federal Rules of

Civil Procedure provides that "[p]arties may obtain discovery

regarding any nonprivileged matter that is relevant to any party's

claim or defense[.]"  Fed. R. Civ. P. 26(b)(1).  Accordingly, "[t]he

scope of examination permitted under Rule 26(b) is broader than that

permitted at trial.  The test is whether the line of interrogation is

---

[4]The EEOC also provided to the undersigned copies of two CDs produced by
Chase, containing Chase's supplemental response to the requests currently at
issue.  The EEOC represents in the cover letter to the Court that "[t]he
contents of the CDs were too voluminous to file electronically."  The docket
does not reflect any attempt by the EEOC to manually file the CDs.

reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir. 1970).

Rule 37 of the Federal Rules of Civil Procedure authorizes a motion to compel discovery when a party fails to provide proper response to requests for production of documents under Rule 34. Rule 37(a) expressly provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). In addition, the party moving to compel discovery must certify that it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). *See also* S.D. Ohio Civ. R. 37.2. The EEOC has met this prerequisite in this case. *See Rule 37.2 Certification of Counsel*, attached to *Motion to Compel*.

## III. DISCUSSION

The EEOC seeks an order compelling Chase to produce documents responsive to several document requests. *Reply* (narrowing the scope of the dispute to Document Request Nos. 22, 23, 25, 28(B), 28(D), 29(A), 29(B), 29(C), 30(A), 30(B), 30(C), 31, 33, 34, 36 and 38). The Court shall address each request in turn.

### A. Document Request No. 22

The EEOC seeks an order compelling production of "[w]hatever hardware, software, files, metadata, and properties in Defendant's possession that shows Aimee Doneyhue herself created the purported resignation letter dated 4/30/08." *Exhibit A*, attached to *Motion to*

4

*Compel*.  Chase represents that it reassigned Ms. Doneyhue's computer to a different employee after Ms. Doneyhue left Chase's employ on April 30, 2008, and, as a result, Chase "has been unable to recover any responsive documentation, but will supplement its response if it can identify any." *Memo. in Opp.*, pp. 7-8.  The EEOC contends that this response is inadequate, arguing that Chase does not say that it "ever tried to recover an original or native file from a backup tape, archived document, or hard drive." *Reply*, p. 3.  Citing testimony from Chase's own IT director/Vice-President, Richard Korecki, the EEOC argues that Chase could recover any deleted document forensically from Ms. Doneyhue's former hard drive.  *Id*. at 3-4.

The EEOC's arguments are well-taken.  Based on the present record, it is unclear what steps Chase has taken to retrieve the requested information.  The EEOC is entitled to confirm whether or not this information exists, either through Chase's own search or through production of the requested storage devices to the EEOC for examination.  Accordingly, as it relates to Document Request No. 22, the *Motion to Compel* is **GRANTED**.

**B.    Document Request No. 23**

The EEOC seeks "all skill data login" for 28 sample MCs from January 1, 2006 through December 31, 2009 (the "subject period"), including MCs who reported to supervisors other than Ms. Doneyhue's supervisor, Ray Wile.  *Motion to Compel*; *Exhibit A*, attached thereto. Chase initially produced data dating back to November 1, 2007.  *Id*. Chase contends that, as it relates to this request, the *Motion to Compel* is now moot because Chase supplemented its response following

the filing of the *Motion to Compel*. *See Exhibit M*, attached to *Reply*. In its supplemental response to all of the requests, Chase limited its total production to a period beginning May 7, 2007, although its response to this particular request dates begins in September 2007. *Id*. Chase argues that this time limitation is appropriate because (1) May 2007 is when Ms. Doneyhue started working for Chase, *Memo. in Opp.*, p. 6; (2) May 2007 roughly corresponds to the 300-day period pre-dating Ms. Doneyhue's first charge of discrimination, *id.*; and (3) the relevant time period previously defined by the EEOC does not pre-date July 8, 2006, *id.* (citing *Amended Complaint*, ¶¶ 7-8 (alleging that Chase intentionally discriminated against female MCs since "at least April 2007" and that the impact of discrimination dates back to July 8, 2006)). Chase also asserts that it is no longer in possession of certain data requested in Document Request No. 23 (and Document Request No. 29) going back to January 1, 2006, "because this data is purged every three years pursuant to normal business practices." *Id*.

The EEOC argues that Chase's response is deficient, noting that Chase's supplemental production as to this request begins on September 8, 2007. *Reply*, p. 5; *Exhibit M*, attached thereto. The EEOC contends that a production from this date forward is problematic because it is inconsistent with (1) Chase's previous production of select data going back to May 2007, showing that Chase does have the capability of going back further than September 2007; and (2) a timely application of a litigation hold that should have occurred in March-April 2010, *i.e.*, data dating back to March-April 2007 should have been preserved. *Reply*, pp. 4-6. In addition, the EEOC complains that the supplemental production is even more limited as to certain MCs. *Reply*, pp. 5-6.

6

For example, Chase produced skill login data for MC June Lee Thraxton for only the date of September 18, 2007, rather than for the subject time period. *Id*. at 5. The EEOC argues that Chase's explanation, that certain MCs were not employed after the specified dates, *i.e.*, September 18, 2007, is belied by Chase's previously produced partial employee roster that establishes that Ms. Thraxton was an employee before September 18, 2007 until approximately October 2, 2007. *Id.*; *Motion to Compel*, pp. 10-11 (citing partial employee rosters previously produced by Chase).

The Court concludes that, in the absence of an articulation as to why discovery pre-dating July 8, 2006 is relevant under Fed. R. Civ. P. 26(b), plaintiff is entitled to discover the requested data from July 8, 2006 through December 31, 2009. *See Amended Complaint*, ¶ 8 (asserting that discriminatory practices impacted the putative during the period July 8, 2006 to the present). Based on the record presently before the Court, it appears that there remain recoverable data responsive to this request. Accordingly, as it relates to information responsive to Document Request No. 23 from the period July 8, 2006 through December 31, 2009, the *Motion to Compel* is **GRANTED**.

**C.  Document Request No. 25**

The EEOC seeks an order compelling production of the "Applications Production Summary Report for MC's annual wrap-ups for years 2006, 2007, 2008, and 2009, containing all the same columnar information" referenced in Exhibit 4 during the Fed. R. Civ. P. 30(b)(6) deposition of Cynthia Ray. *Exhibit A*, attached to *Motion to Compel*. Chase argues that the *Motion to Compel* as to this request

should be denied because (1) the EEOC is not entitled to the summary
for 2006 because Ms. Doneyhue was not employed in 2006; and (2) the
Court has not yet ruled on whether or not the EEOC is entitled to
discover information other than that related to the Mcs supervised by
Mr. Wile. *Memo. In Opp.*, p. 8.  The EEOC disagrees, arguing that the
Court has now ruled that the EEOC may discover information for MCs
supervised by individuals other than Mr. Wile.  *Reply*, p. 6 (citing
*Opinion and Order*, Doc. No. 42).

The EEOC's argument is well-taken.  In light of the Court's prior
decision that discovery as to employees supervised by others may
proceed, *see Opinion and Order*, Doc. No. 42, and the Court's
discussion, *supra,* as to information preceding 2007, Chase's
objections in this regard are now moot.  Accordingly, as it relates to
Document Request No. 25, the *Motion to Compel* is **GRANTED.**

### D.    Document Request No. 28(B)

The EEOC seeks call records for the agents serving on "Team
Frank" "on May 1, 2007 (or as far back in time as Defendant can
retrieve the information if Defendant can no longer retrieve this
information for May 1, 2007." *Exhibit A*, attached to *Motion to
Compel*.  Chase argues that the *Motion to Compel* as to this request is
now moot in light of its supplemental production.  *Memo. In Opp*., p.
2.  The EEOC disagrees, contending that Chase has not fully complied
with this request as to MC Steve Walsh.  *Reply*, p. 7 (noting that,
although Chase represents that information responsive to Document
Request No. 28(B) is contained in the supplemental production, that
supplement contains no information regarding this request).

Based on the present record, the Court cannot conclude that Chase has fully complied with its obligation to produce all data responsive to this request. Accordingly, as it relates to information regarding MC Walsh responsive to Document Request No. 28(B), the *Motion to Compel* is **GRANTED**.

**E.    Document Request No. 28(D)**

The EEOC seeks an order compelling production of call records for the agents serving on "Teams Ritter, Frank, and Hockenberry on January 7, 2008." *Exhibit A*, attached to *Motion to Compel*. Chase argues that the *Motion to Compel* as to this request is now moot in light of its supplemental production. *Memo. In Opp.*, p. 2. The EEOC argues, however, that Chase's supplemental response is deficient. *Reply*, pp. 7-8. Specifically, the EEOC argues that, for MCs Jane Pearson and Julie Morrison, Chase "only re-produce[d] skill login data (not records of calls taken) for dates close to the sampling date of January 7, 2008." *Id*. at 8. The EEOC interprets this limited production as intended to demonstrate that these MCs did not log in to the ACD system on the requested date but demands "more credible proof" to establish this fact. *Id*. In addition, as to eleven other MCs, Chase "still has not produced any call records for January 7, 2008, or for any surrounding dates[.]" *Id*. The EEOC complains that, although Chase argues that these MCs were not employed on the requested date, previously produced employee rosters establish that, in fact, these individuals "were employed before and after this date."

The EEOC's arguments are well-taken. Accordingly, as it relates to information regarding these MCs (identified in *Reply*, pp. 8-9)

9

responsive to Document Request No. 28(D), the *Motion to Compel* is **GRANTED**.

### F.    Document Request No. 29(A)

The EEOC seeks skill login data for "teams Bolton, Frank, Habanek, and Hockenberry, plus Sabrina DeRamus, on September 24, 2007 (or as far back in time as Defendant can retrieve this information if Defendant can no longer retrieve this information for September 24, 2007)." *Exhibit A*, attached to *Motion to Compel*.  Chase argues that the *Motion to Compel* as to this request is now moot in light of its supplemental production.  *Memo. In Opp.*, p. 2.

After reviewing the EEOC's complaints regarding Chase's inconsistencies and/or deficiencies in the original and supplemental production, *Reply*, pp. 8-9, the Court understands that Chase has not yet produced responsive data as to MCs Robert Petty and Rodney Revish and that Chase has failed to provide a justification for this omission.  Accordingly, as it relates to information regarding MCs Petty and Revish responsive to Document Request No. 29(A), the *Motion to Compel* is **GRANTED**.

### G.    Document Request No. 29(B)

The EEOC seeks skill login data for "[a]ll team members under Ray Wile on January 7, 2008." *Exhibit A*, attached to *Motion to Compel*. Chase argues that the *Motion to Compel* as to this request is now moot in light of its supplemental production.  *Memo. In Opp.*, p. 2.  The EEOC disagrees, complaining that the supplemental production omits – without explanation – documents relating to eleven MCs.  *Reply*, pp. 9-10.

The EEOC's argument is well-taken.  Accordingly, as it relates to information regarding these eleven MCs responsive to Document Request No. 29(B), the *Motion to Compel* is **GRANTED**.

**H.    Document Request No. 29(C)**

The EEOC seeks skill login data for "[a]ll team members under Ray Wile on February 3, 2009." *Exhibit A*, attached to *Motion to Compel*. Chase argues that the *Motion to Compel* as to this request is now moot in light of its supplemental production. *Memo. In Opp.*, p. 2.  The EEOC disagrees, arguing that this production omits without explanation data for certain MCs, including Scott Castle, Kim (Andrew) Young, Chad Reber and Mark Needham.  *Reply*, p. 10.

The EEOC's argument is well-taken.  Accordingly, as it relates to information regarding these MCs responsive to Document Request No. 29(C), the *Motion to Compel* is **GRANTED**.

**I.    Document Request No. 30(A)**

The EEOC seeks inbound call records for "[a]ll team members under Ray Wile on September 24, 2007 (or as far back in time as Defendant can retrieve this information if Defendant can no longer retrieve this information for September 24, 2007)." *Exhibit A*, attached to *Motion to Compel*.  Chase argues that the *Motion to Compel* as to this request is now moot in light of its supplemental production.  *Memo. In Opp.*, p. 2.  The EEOC disagrees, arguing that this production omits without explanation responsive information for certain MCs, including Jane Pearson, Karen Otto, Scott Castle, Aimee Doneyhue and June Thaxton. *Reply*, pp. 10-11.

The EEOC's argument is well-taken.  Accordingly, as it relates to

11

information regarding these MCs responsive to Document Request No. 30(A), the *Motion to Compel* is **GRANTED**.

**J.    Document Request No. 30(B)**

The EEOC seeks inbound call records for "[a]ll team members under Ray Wile on January 7, 2008." *Exhibit A*, attached to *Motion to Compel.*  Chase argues that the *Motion to Compel* as to this request is now moot in light of its supplemental production.  *Memo. In Opp.*, p. 3.  The EEOC disagrees, arguing that this production is deficient because it omits inbound call records and data promised by Chase establishing that some people were on leave or were no longer employed on the sample date.  *Reply*, p. 11.  These MCs include Scott Castle, Jane Pearson, Vaughn Flowers, Aimee Doneyhue, Stephen Anthony, Julie Morrison, Shane Niemela, Josh Burford, Karen Otto, Douglas Fosnaugh, Alvin Poindexter, Lance Strong and Robert Petty.  *Id.*

The EEOC's argument is well-taken.  Accordingly, as it relates to information regarding these MCs responsive to Document Request No. 30(B), the *Motion to Compel* is **GRANTED**.

**K.    Document Request No. 30(C)**

The EEOC seeks inbound call records for "[a]ll team members under Ray Wile on February 3, 2009." *Exhibit A*, attached to *Motion to Compel.*  Chase does not specifically address this request.  *Memo. In Opp.*  The EEOC contends that the supplemental production omits without explanation responsive information for certain MCs, including Kinze Brown, Matthew Mathias, Scott Castle and Young (Andrew) Kim.  *Reply*, p. 11.

The EEOC's argument is well-taken.  Accordingly, as it relates to

12

information regarding these MCs responsive to Document Request No. 30(C), the *Motion to Compel* is **GRANTED**.

**L.    Document Request No. 31**

The EEOC seeks "[t]he earliest obtainable rolling system administration log showing any changes to the call center's method of agent selection for inbound calls when there are more available agents than there are inbound calls." *Exhibit A*, attached to *Motion to Compel*. Chase argues that the *Motion to Compel* as to this request is now moot in light of its supplemental production. *Memo. In Opp.*, p. 3. The EEOC disagrees, arguing that Chase produced only what "appears to be a model screen shot of a status screen from a technical manual." *Reply*, p. 12. According to the EEOC, this production is deficient. *Id.* (citing *Exhibit P*, attached thereto).

The EEOC's argument is well-taken. Accordingly, as it relates to information regarding these MCs responsive to Document Request No. 31, the *Motion to Compel* is **GRANTED**.

**M.    Document Request No. 33**

The EEOC seeks daily call records for 28 sample MCs for the period January 1, 2006 "(or as far back in time as Defendant can retrieve if Defendant can no longer retrieve this information for January 1, 2006)" through December 31, 2009. *Exhibit A*, attached to *Motion to Compel*. Chase argues that this request is overly broad and "would require Defendant to pull and produce over 15,000 call records per year, or some 60,000 call records in total." *Memo. In Opp.*, p. 9. Chase contends that the EEOC's request should be narrowed in scope and that the EEOC is already in possession of some of the requested

13

information because summaries produced in response to Document Request No. 25 showed "the total number of calls each mortgage consultant on Team Wile received per year, with a breakdown of incoming and outgoing calls." *Id*. The EEOC disagrees that its request is overly broad, arguing that "60,000 call records is relatively measly – much less than a single CD or DVD can hold." *Reply*, pp. 12-13. The EEOC similarly rejects the argument that it is already in possession of responsive documentation, contending that the previously produced summaries do not contain the "skill" level assigned to the calls, information that is contained only in the daily call records and which is relevant to the EEOC's arguments in this case. *Id*. at 13-14. The EEOC further argues that Chase has not explained why it is too difficult or expensive to obtain the requested information.

The EEOC's arguments are well-taken. Based on the present record, there is no evidence to support Chase's position that retrieving the requested information is unduly burdensome. In addition, any temporal objections are now moot in light of the Court's discussion, *supra*, that the EEOC may discover information dating back to July 8, 2006. Accordingly, as it relates to information responsive to Document Request No. 33 from the period July 8, 2006 through December 31, 2009, the *Motion to Compel* is **GRANTED**.

**N.   Document Request No. 36**

The EEOC seeks all ABC Reports created during the period of January 1, 2006 through December 31, 2009. *Exhibit A*, attached to *Motion to Compel*. Chase argues that, as it relates to this request, the *Motion to Compel* is now moot in light of its supplemental

14

production.  *Memo. In Opp.*, p. 3.  The EEOC disagrees, arguing that Chase has produced no reports relating to the period January 1, 2006, through November 15, 2007, or from 2009.  *Reply*, p. 15.  The EEOC also complains that Chase has produced only reports for MCs in Mr. Wile's group.  *Id.*

As discussed *supra*, Chase's temporal and organizational objections are now moot in light of the Court's discussion *supra* and in light of the Court's prior *Opinion and Order*, Doc. No. 42. Accordingly, as it relates to information responsive to Document Request No. 36 for the period July 8, 2006 through December 31, 2009, the *Motion to Compel* is **GRANTED**.

### O.    Document Request No. 38

The EEOC seeks "[l]ead lists distributed to each 'B' and 'C' category team member under Ray Wile during the subject period [January 1, 2006 through December 31, 2009]."  *Exhibit A*, attached to *Motion to Compel*.  Chase argues that the *Motion to Compel* as to this request should be denied because (1) this requested information is irrelevant; (2) Chase has already produced certain responsive data; and (3) Chase does not have "paper lead lists" and instead "has offered to obtain and produce a sample of the information contained in its computerized data base. . . and is working diligently to accomplish this."  *Memo. In Opp.*, p. 10 (emphasis in original).  The EEOC disagrees, contending that Chase's production did not contain lead lists and do not cover the subject period.  *Reply*, pp. 15-16.  The EEOC appears to agree, however, that production in electronic format (rather than paper) would be acceptable.  *Id.*  The EEOC also complains that, despite

Chase's claim of diligence, Chase has failed to produce the promised electronic information.  *Id*. at 16.

Based on the present record, the Court agrees that Chase must supplement its response to this request, subject to the time period previously discussed by the Court.  Accordingly, as it relates to information responsive to Document Request No. 38 for the period July 8, 2006 through December 31, 2009, the *Motion to Compel* is **GRANTED.**

**WHEREUPON**, *Plaintiff's Motion to Compel Complete Responses to Plaintiff's Second Document Requests*, Doc. No. 30 ("*Motion to Compel*") is **GRANTED in part** and **DENIED in part** consistent with the foregoing. Chase must produce all discovery required by this *Opinion and Order* within fourteen (14) days of the date of this *Opinion and Order*.

March 30, 2011                          *s/Norah McCann King*
                                     Norah M<sup>c</sup>Cann King
                              United States Magistrate Judge