**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,**

    **Plaintiff,**

 vs.             Civil Action 2:09-CV-864
                     Judge Smith
                     Magistrate Judge King

**JP MORGAN CHASE BANK, N.A.,**

    **Defendant.**

<u>**OPINION AND ORDER**</u>

    Plaintiff Equal Employment Opportunity Commission ("EEOC") asserts that defendant JP Morgan Chase Bank, N.A. ("Chase") subjected female employees, as a class, to terms and conditions that differed from those of similarly situated male employees, in violation of Title VII, 42 U.S.C. § 2000e-5, as amended by 42 U.S.C. § 1981a.  This matter is before the Court on *Plaintiff's Motion to Compel Fed. R. Civ. P. 30(b)(6) Depositions*, Doc. No. 24 ("*Motion to Compel*").  For the following reasons, the *Motion to Compel* is **GRANTED in part and DENIED in part**.

**I.**  **BACKGROUND**

    The Court has previously set forth at length the factual background of this action.  *See Opinion and Order*, Doc. No. 42. Briefly, Aimee Doneyhue worked as a mortgage/home loan sales originator/consultant in the sales department at Chase's Polaris Park, Columbus, Ohio facility ("Sales Department" and "the Polaris facility") from April 2007 until May 2, 2008.  *Id.*; *Amended Complaint*,

Doc. No. 9, ¶ 7.

After her employment with Chase ended, Ms. Doneyhue filed a charge with the EEOC alleging that Chase had violated her rights under Title VII. *Amended Complaint*, ¶ 6. Unable to resolve the dispute at the administrative level, the EEOC filed the original *Complaint*, Doc. No. 2, which was transferred to this seat of court. *Order*, Doc. No. 3. The EEOC subsequently filed the *Amended Complaint* alleging, *inter alia*, that Chase engaged in unlawful employment practices, which "deprive[d] Aimee Doneyhue and similarly situated current and former female employees who worked at Defendant's Polaris Park facility during the period from July 8, 2006 to the present, of equal employment opportunities, on the basis of sex and Doneyhue's engaged in conduct protected by Title VII." *Amended Complaint*, ¶¶ 7-8. For instance, the EEOC specifically alleges that, *inter alia*, Chase removed female employees from the call queue and directed "lucrative calls to the male employees[.]" *Id*. at ¶ 7(a).[1] The EEOC seeks injunctive and monetary relief on behalf of Ms. Doneyhue and the members of the putative class described *supra*.[2]

After discovery commenced, the EEOC served an amended notice of depositions pursuant to Fed. R. Civ. P. 30(b)(6). *Exhibit A*, attached

---

[1]The EEOC details that Chase programmed the Polaris facility's automated call distribution ("ACD") system to route inbound calls according to an electronic code that grouped calls into different "skills" or "queues" identified by a 3-digit number. *Reply Memorandum in Support of Plaintiff's Motion to Compel*, Doc. No. 31 ("*Reply*"), pp. 2-5. Chase assigned a 3-digit "skill" or "queue" code to each mortgage consultant ("MC"); that code determined the type of calls that each MC would receive. *Id*. at 3-7 (citing *Exhibit F*, attached thereto).

[2]On January 20, 2011, EEOC's counsel advised Chase's counsel that Ms. Doneyhue was withdrawn both as a witness and a claimant. *Tab D*, attached to *Exhibit 1*, attached to Doc. No. 50.

2

to *Motion to Compel*. After receiving notice, Chase objected to several topics identified in the notice. *Id*. The parties were unable to resolve their dispute extrajudicially and the EEOC filed the *Motion to Compel*.

**II.   STANDARD**

Determining the proper scope of discovery falls within the broad discretion of the trial court. *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Rule 26(b) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). Accordingly, "[t]he scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir. 1970).

Rule 30(b)(6) provides that a party may name a corporation as a deponent and that the party "must describe with reasonable particularity the matters for examination." The corporate deponent must designate one or more persons to testify on its behalf as to these matters. *Id*. "The persons designated must testify about information known or reasonably available to the organization." *Id*.

Rule 37 of the Federal Rules of Civil Procedure authorizes a motion to compel discovery when, *inter alia*, "a corporation or other entity fails to make a designation under Rule 30(b)(6)." Fed. R. Civ. P. 37(a)(3)(B)(ii). In addition, the party moving to compel discovery must certify that it "has in good faith conferred or attempted to

3

confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).  *See also* S.D. Ohio Civ. R. 37.2.  The EEOC has met this prerequisite in this case.  *See Rule 37.2 Certification of Counsel*, attached to *Motion to Compel*.

**III.  DISCUSSION**

The EEOC seeks an order compelling Chase to designate and produce a witness or witnesses to testify about several topics included in the EEOC's amended notice of Rule 30(b)(6) deposition.  *Motion to Compel* (identifying paragraphs 1, 7(a), 8, 11, 12, 13, 18, 19, 20, 21 and 22 of the notice that are in dispute).  The Court shall address each topic in turn.

    **A.  Electronic Mail and Messaging Systems (Paragraph 1)**

The EEOC seeks to compel Chase to produce a witness who will testify about the electronic mail and messaging system(s) used at the Polaris facility between January 1, 2005, through December 31, 2009 ("the subject period").  *Exhibit A*, attached to *Motion to Compel*.  In its memorandum in opposition, Chase represents that it is willing to produce a corporate representative to testify as to this matter.  Doc. No. 28, pp. 1, 5-6.  Although the parties filed additional memoranda relating to the *Motion to Compel*, Doc. Nos. 31, 38, 39, this paragraph was not further addressed.  Based on the record presently before the Court, it appears that the parties have resolved their dispute regarding this topic.  Accordingly, as to Paragraph 1 in the Rule 30(b)(6) amended notice, the *Motion to Compel* is **DENIED** as moot.

    **B.  Information Regarding the Automatic Call Distribution System and Relative Values of Mortgage Consultants (Paragraph Nos.**

**7(a), 11, 12, 13 and 18)**

The EEOC seeks to compel Chase to produce a witness or witnesses to testify about the identity, locations and availability of documents showing the relative values to MCs of having one skill or another assigned to them, *i.e.*, to explore the alleged disparity in the assignment of MC skills and the alleged manipulation of the ACD system to favor male employees. *Exhibit A*, attached to *Motion to Compel*; *Reply*, pp. 6-10 (citing *Exhibit F*, attached thereto, which the EEOC alleges demonstrates disparity in skill assignments between male and female MCs).

Chase contends that (1) this information is irrelevant to the allegations contained in the *Amended Complaint*, (2) there was no disparity in skills as alleged by the EEOC and (3) prior testimony of other Rule 30(b)(6) witnesses establishes that Chase did not manipulate the ACD system. Doc. Nos. 28, 38. More particularly, Chase offers the declaration and testimony of Brian Grossberg, Chase's Command Center Director, in order to (1) explain the identity of the MCs and the meaning of the assigned skills listed in *Exhibit F*, and (2) establish that MCs on the same team had the same assigned skills and access to the same types of calls. *Declaration of Brian Grossberg* ("*Grossberg Declaration*"), attached as *Exhibit 2* to *Defendant's Sur-Reply in Response to Plaintiff's Reply Memorandum in Support of Its Motion to Compel Fed. R. Civ. P. 30(b)(6) Deposition (Doc. #31)*, Doc. No. 38 ("*Chase's Sur-Reply*"). Chase further offers to produce documentation reflecting "historical skill priority data for Ms. Doneyhue and her teammates" and invites the EEOC to depose Mr. Grossberg as to this historical data. *Chase's Sur-Reply*, pp. 8-9.

Chase also complains that compliance is "unduly burdensome" because no one person possesses all the information specified in these topics. Doc. No. 28, p. 7 n.7.

In response, the EEOC argues that Chase's arguments are more appropriate at the summary judgment stage, contending that Chase's new opinion testimony and "previously withheld factual information" are not a substitute for a Rule 30(b)(6) deposition. *Sur-Rebuttal in Support of EEOC's Motion to Compel Fed. R. Civ. P. 30(B)(6) Depositions*, Doc. No. 39 ("*EEOC's Sur-Rebuttal*").  The EEOC further argues that Chase's new opinion testimony – *i.e.,* that only MCs on the same team had the same skills assigned to them – contradicts the testimony of a prior Rule 30(b)(6) witness, Cynthia Ray, and Mr. Grossberg's prior deposition testimony. *Id*. at 4-6 (quoting *Deposition of Cynthia Ray*, attached thereto as *Exhibit J* ("*Ray Deposition*"), and *Deposition of Brian Grossberg and Timothy Daffner* ("*Grossberg Deposition*"), attached thereto as *Exhibit K*).  Ms. Ray and Mr. Grossberg previously testified that people on one team do not have different skill sets than people on another team except when a particular team was involved in a pilot program. *Id*.

The EEOC's arguments are well-taken.  By contending that the EEOC is not entitled to a Rule 30(b)(6) deposition because Chase has already established that Chase did not manipulate its ACD system to discriminate against women, Chase essentially asks the Court to decide an ultimate issue.  Such a determination is improper at the discovery stage and Chase's assertion that it has established that its ACD system does not discriminate will not foreclose to the EEOC the opportunity to conduct discovery on this issue.  In addition, to the

extent that Chase complains that a single individual is not in possession of this information, its argument is without merit. Chase cites to no authority to support its position that it need not identify and produce a Rule 30(b)(6) witness simply because one person does not possess knowledge of all the identified topics. Moreover, Rule 30 specifically contemplates that a party may be required to designate more than one witness when served with a Rule 30(b)(6) notice. *See* Fed. R. Civ. P. 30(b)(6) (requiring that the named organization "designate *one or more* officers, directors, or managing agents, or designate other persons who consent to testify on its behalf") (emphasis added). Based on the present record, the Court concludes that the EEOC is entitled to depose a person or persons to testify about the topics identified in Paragraphs 7(a), 11, 12, 13, and 18. Accordingly, as to Paragraphs 7(a), 11, 12, 13, and 18 in the Rule 30(b)(6) amended notice, the *Motion to Compel* is **GRANTED**.

      C.    **The Identity of All Call Queues (Paragraph 8)**

The EEOC seeks an order compelling Chase to produce a witness to testify as to "the identities or nomenclature of all call queues (e.g., LEADGEN, Trigger) used by the HLD [Home Loan Direct] during the subject period." *Exhibit A*, attached to *Motion to Compel*. Chase responds that Mr. Grossberg previously testified regarding the names associated with the 3-digit skill codes used by Chase's ACD system. The EEOC argues, however, that his testimony was deficient in this regard because, *inter alia*, Mr. Grossberg could not testify about the "kinds of calls that were bundled into each skill" and "the quality of each of the calls under each skill." Chase takes the position that Mr. Grossberg's testimony appropriately addressed the topic identified

in Paragraph 8 and that the EEOC's amended notice did not ask Chase to produce a witness having the information that the EEOC now seeks.

This Court agrees. As presently formulated, the EEOC's request simply seeks production of a witness to testify as to "the identities or nomenclature of all call queues." This request does not seek testimony regarding the kind of calls bundled into each skill, the quality of each call or the range of values each call queue included. The EEOC, however, remains free to revise its Rule 30(b)(6) notice to explicitly seek testimony as to that information. Accordingly, as to Paragraph 8 in the Rule 30(b)(6) amended notice, the *Motion to Compel* is **DENIED without prejudice**.

    **D.    Testimony Regarding Certain Documents and Reports (Paragraphs 19, 20, 21 and 22)**

The EEOC seeks to compel the production of a witness or witnesses to testify as to the following documents and reports:

> 19. The identity, location, and accessibility of data, data compilations, databases, applications, and software (including all records and fields and structural information in such databases) that would allow one to reconstruct or print out the documents and reports described above.
>
>     \*                  \*                  \*                  \*
>
> 20. The identity, location, and accessibility of codebooks, reference code lookup tables, personnel policy handbooks, personnel guidance manuals, and other related coding materials containing descriptions of each field (column or data element) and the meaning of each coded value, for the electronically stored reports and documents described in this Notice.
>
>     \*                  \*                  \*                  \*
>
> 21. The identity, location, accessibility, and current disposition of mainframes, minicomputeres, or network file servers; offline data storage, backups and archives, floppy diskettes, tapes and other removable electronic media; data storage devices; fixed drives on stand-alone computers and network workstations; and programs and utilities, to the

>
> extent this hardware and software created or contained the
> data, documents, and reports described in this Notice or to
> the extent necessary to extract, compile, authenticate, and
> format in useable form these data, documents and reports.
>
> \*              \*              \*              \*
>
> 22.  Defendant's retention policies and practices with
> regard to the data, data compilations, documents, indices,
> manuals, and reports described in this Notice.

*Exhibit A*, attached to *Motion to Compel*.  Chase contends that the EEOC has failed to identify with reasonable particularity the particular documents and reports sought.  The EEOC responds that its Rule 30(b)(6) amended notice "makes patently clear" that the EEOC seeks data and reports that "(1) show how skills were administered to MCs; and (2) show the relative worth of skill assignments to MCs by showing what kinds of calls were bundled into each skill or queue."  *Reply*, p. 10.

The EEOC's arguments are not well-taken.  As presently formulated, it is unclear what documents and reports the EEOC seeks.  Stated differently, Paragraphs 19-22 do not ask for, as later clarified by the EEOC, the specific data and reports showing how skills were administered and the relative worth of skill assignments.  The EEOC, however, remains free to revise its Rule 30(b)(6) notice to expressly seek testimony as to these specific data and reports.  Accordingly, as to Paragraphs 19, 20, 21 and 22 in the Rule 30(b)(6) amended notice, the *Motion to Compel* is **DENIED without prejudice**.

**WHEREUPON**, *Plaintiff's Motion to Compel Fed. R. Civ. P. 30(b)(6) Depositions*, Doc. No. 24, is **GRANTED in part** and **DENIED in part**.  Chase is **ORDERED** to designate a corporate witness or witnesses to testify as to Paragraphs 7(a), 11, 12, 13 and 18 within 30 days of the date of

this *Opinion and Order*.


March 30, 2011                                    *s/Norah McCann King*
                                                  Norah M<sup>c</sup>Cann King
                                           United States Magistrate Judge