UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

       Plaintiff,                    Case No. 2:09-cv-864
                                      JUDGE GREGORY L. FROST
   v.                               Magistrate Judge Norah McCann King

JP MORGAN CHASE BANK, N.A.,

       Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of a motion for summary judgment (ECF No. 107) filed by Defendant, JP Morgan Chase Bank, N.A., a memorandum in opposition (ECF No. 118) filed by Plaintiff, the Equal Employment Opportunity Commission, and a reply memorandum (ECF No. 122) filed by Defendant. For the reasons that follow, this Court finds the motion not well taken.

### I. Background

In this litigation, Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), claims that Defendant, JP Morgan Chase Bank, N.A. ("Chase"), has subjected female employees as a class to terms and conditions of employment that differed from similarly situated male employees. Prior to the transfer of this case to the undersigned judicial officer, the judge previously assigned to the case set forth the basic background of this litigation in a summary judgment Opinion and Order and in a related Opinion and Order on a motion for reconsideration. (ECF Nos. 80, 87.) Given the context of the motion for summary judgment *sub judice*, this

1

Court does not need to repeat the factual summaries here.  Instead, the Court incorporates by reference those prior summaries.

In need of specific mention here is that one employee who allegedly suffered discrimination, Elizabeth Burke, filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Ohio in February 2009.  That petition resulted in the discharge of her debts in June 2009.  Chase asserts that because Burke failed to disclose her potential claims against Chase in her bankruptcy proceedings, judicial estoppel bars the EEOC from recovering any monetary damages or other relief on Burke's behalf.  Chase filed a motion for summary judgment on this premise.[1]  (ECF No. 107.)  The parties have completed briefing on that motion, which is ripe for disposition.

## II. Discussion

**A. Standard Involved**

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case.

---

[1] Chase notes in a footnote that another employee, Sabrina DeRamus, did not disclose in an ongoing bankruptcy proceeding her participation as a claimant in this litigation. (ECF No. 107, at PAGEID # 4647 n.1.)  The EEOC took this reference to indicate that Chase intended to include DeRamus within the scope of its motion. (ECF No. 118, at PAGEID # 8099 n.1.)  The limited scope of this motion for summary judgment targets only Burke.  Although Chase suggests that its other motion for summary judgment disposes of relief for DeRamus on different grounds (ECF No. 105), the Court notes out that the other motion failed as a result of a sanctions order filed on February 28, 2013 (ECF No. 160).

*See Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, which must set forth specific facts showing that there is a genuine issue of material fact for trial. *Id*. (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)). Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).

**B. Analysis**

A bankruptcy debtor has an ongoing, affirmative duty to disclose all assets, which includes contingent and unliquidated claims. *White v. Wyndhan Vacation Owernship, Inc.*, 617 F.3d 472, 479 n.5 (6th Cir. 2010); *see also* 11 U.S.C. § 521(a)(1)(B)(i); 11 U.S.C. 541(a)(7). Unless otherwise exempted from the estate, a tort claim that accrued before the filing of a bankruptcy petition becomes part of the property of the bankruptcy estate. *Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902, 904 (6th Cir. 2012). Chase asserts that because Elizabeth Burke violated her duty of disclosure, the EEOC must be estopped from recovering on claims that Burke could not properly bring independently.

To support its argument, Chase directs this Court to Burke's deposition testimony in

which she acknowledges that she first suspected that she was being treated unlawfully sometime in January to March 2009. This suspicion possibly pre-dated the February 16, 2009 filing of her bankruptcy petition and unquestionably pre-dated her June 10, 2009 Amended Statement of Intent. In other words, Burke knew of her possible claims but did not amend her bankruptcy filings to include the claims as a potential asset, despite having effectuated other amendments, prior to her June 23, 2009 discharge. Burke has never amended her Schedule B of the bankruptcy petition to include her claims as a potential asset.

There is thus no dispute that Burke filed for bankruptcy in 2009 and that she never disclosed the potential discrimination claims against Chase at any time during her bankruptcy proceedings. There is also no dispute that, on April 15, 2012, the EEOC identified Burke as a claimant on whose behalf the EEOC is proceeding. There is a dispute, however, as to whether this non-disclosure precludes the EEOC from obtaining relief on Burke's claims.

Chase seeks summary judgment on the grounds that the doctrine of judicial estoppel applies to the claims involving Burke. In discussing the doctrine, the Sixth Circuit has explained:

> "Judicial estoppel is an equitable doctrine that preserves the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit an exigency of the moment." *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1217-18 (6th Cir. 1990); *see also New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001). "The doctrine of judicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position 'either as a preliminary matter or as part of a final disposition.' " *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002) (quoting *Teledyne,* 911 F.2d at 1218). The doctrine of judicial estoppel, however, "is applied with caution to avoid impinging on the truth-seeking function of the court because the doctrine precludes a contradictory position without examining the truth of either statement." *Teledyne,* 911 F.2d at 1218

4

>(footnote omitted).  Moreover, a court should consider whether a party has gained
>an unfair advantage from the court's adoption of its earlier inconsistent statement.
>*New Hampshire,* 532 U.S. at 751, 121 S.Ct. 1808.

*Longaberger Co. v. Kolt*, 586 F.3d 459, 470 (6th Cir. 2009).  Thus, the core issues in cases involving judicial estoppel are routinely (1) whether a plaintiff is asserting a position that is contrary to one that party asserted under oath in a prior proceeding (*e.g.*, the existence of claims), (2) whether a prior court adopted the contrary position either as a preliminary matter or as part of a final disposition, and (3) whether, if both one and two are answered affirmatively, application of the equitable doctrine is warranted.  What presents a twist in the instant case is that although it was Burke who omitted the claims from her bankruptcy proceeding, the EEOC is the party asserting the claims.  This presents the question of whether Burke's conduct binds the EEOC.

There is no doubt that a debtor's disclosure statement can be sufficient for applying judicial estoppel.  *Reynolds v. Comm'r of Internal Revenue*, 861 F.2d 469, 474 (6th Cir. 1988).  Less clear is whether a debtor's actions can invoke judicial estoppel in a separate action brought by the EEOC.  As Chase correctly notes, the Sixth Circuit has not directly ruled on whether the EEOC can be judicially estopped from asserting a claim targeting victim-specific relief when the employee involved failed to disclose the claim in a bankruptcy proceeding.  There is in fact surprising little authority directly on point.  One case that provides compelling persuasive authority is *EEOC v. CRST Van Expedited, Inc.*, 679 F.3d 657 (8th Cir. 2012).

In *CRST Van Expedited, Inc.*, the Eighth Circuit addressed whether a district court had erred when it had judicially estopped the EEOC from suing in its own name on claims that the alleged victims had failed to disclose in bankruptcy proceedings.  *Id.* at 670, 681-82.  The court of appeals reversed the district court, holding that "[u]nder [*EEOC v. Waffle House, Inc.*, 534

5

U.S. 279 (2002)], a court cannot judicially estop the EEOC from bringing suit in its own name to remedy employment discrimination simply because the defendant-employer happened to discriminate against an employee who, herself, was properly judicially estopped." *Id.* at 682. Chase attempts to paint *Waffle House* as unrelated to today's issue, but this is incorrect. Rather, the animating principle of *Waffle House*–that the EEOC's role is to vindicate the public interest, which it can do by pursuing victim-specific relief without standing for all purposes in the shoes of the victim–in fact directly informs disposition of Chase's motion for summary judgment. The dispositive point here is not whether an employee's conduct can affect the EEOC's ability to recover damages on behalf of that employee. That general proposition is without question, but it is also qualified by the particularized context involved. The point on which the motion before this Court turns is the more specific issue of whether the EEOC can pursue relief when the conduct involved is a failure to disclose in bankruptcy proceedings.

Guided by the animating principle of *Waffle House*, this Court agrees with the Eighth Circuit's holding. Such adoption of the Eighth Circuit's reasoning does not run afoul of Sixth Circuit precedent. For example, Chase directs this Court to *EEOC v. McLean Trucking Co.*, 525 F.2d 1007 (6th Cir. 1975), as a case in which an employee's conduct barred the EEOC from obtaining duplicative personal relief on that employee's behalf. That case, which preceded *Waffle House* by decades, presented a situation in which the employee had obtained monetary relief in another proceeding. *Id.* at 1009-10. Such a scenario is wholly distinguishable from the instant case and from *CRST Van Expedited, Inc.*, cases in which the employees involved had not settled their claims extrinsic to the EEOC action.

The case *sub judice* and *CRST Van Expedited, Inc.* are also similarly distinguishable from

6

a case such as *EEOC v. Greater Baltimore Medical Center, Inc.*, 477 F. App'x 68 (4th Cir. 2012), another case upon which Chase relies.  In that case, the Fourth Circuit upheld a grant of summary judgment against the EEOC in an enforcement action because the employee's factual representations in another proceeding contradicted the basis of the EEOC's claim.  Although it might at first blush be tempting to equate a bankruptcy non-disclosure as an analogous factual representation negating a claim and then apply judicial estoppel, changing the factual allegations underlying a claim is quite different than hiding the ball.

      The point is that the rationale of the Eighth Circuit and this Court does not mean that an employee's actions are of no potential effect on an EEOC proceeding in any context.  *Waffle House* recognizes that the actions of an employee who fails to mitigate damages or who accepts a settlement can still affect the relief that can be obtained in an EEOC personal-relief case.  534 U.S. at 296-97.  But employee conduct affecting the form of available relief is quite different from employee conduct affecting the ability of the EEOC to pursue the claim in the first place.  Just as the expiration of an employee's statute of limitations does not foreclose the EEOC's ability to assert a claim on behalf of that employee, so too does a failure by an employee to state his or her claim as a bankruptcy asset not extinguish that claim for the EEOC and all potential relief flowing from that claim.  To conclude otherwise would be to contravene the policy underlying the EEOC's ability to assert such claims as stated in *Waffle House* and repeated by the Eighth Circuit: "[U]nder Title VII, 'whenever the EEOC chooses from among the many charges filed each year to bring an enforcement action in a particular case, the agency may be seeking to vindicate a public interest, not simply provide make-whole relief for the employee, even when it pursues entirely victim-specific relief.' "  *CRST Van Expedited, Inc.*, 679 F.3d at

7

682 (quoting *Waffle House*, 534 U.S. at 296).  This overarching policy is what controls, even over EEOC guidance that may present a contrary view, because the EEOC cannot trump the policies set by Congress and recognized by the Supreme Court.

There is thus no basis for applying judicial estoppel here.  Application would frustrate pursuit of vindicating a public interest for the conduct Burke allegedly endured, even if the end result is that Burke obtains a monetary benefit ancillary to the vindication of that public interest that she might not have otherwise been able to pursue, much less obtain, as a result of her conduct in her bankruptcy proceedings.[2]  Chase's argument for application grounds the EEOC too undeservedly in Burke's shoes; the argument fails to appreciate the role of the EEOC and the nature of its claim.  *See Waffle House*, 534 U.S. at 297 ("Moreover, it simply does not follow from the cases holding that the employee's conduct may effect the EEOC's recovery that the EEOC claim is merely derivative.") & 298 ("The fact that ordinary principles of res judicata, mootness, or mitigation may apply to EEOC claims does not . . . render the EEOC a proxy for the employee.").

This role and the nature of the interest involved teach that it does not matter, as Chase suggests it does, that the EEOC can pursue vindication of the public interest against unlawful conduct in regard to other employees if relief is foreclosed for Burke.  Such a dubious argument begs the question of whether Chase would be arguing for judicial estoppel if the EEOC had only brought this enforcement action on behalf of half as many individuals, or a quarter, or even

---

[2]  This Court need not and does not express any opinion here on whether an award of monetary damages for Burke might present issues related to pursuit of the award by the bankruptcy trustee or any other such complications related to such a "windfall."  In other words, whether Burke's life might become more complicated if she obtains relief via this action despite her past conduct is her problem, not the concern of this Court.

Burke alone. At what point on such a sliding scale could it be said that the public interest justifiably gives way to judicial estoppel so that punishing an individual's wrong trumps punishing a societal wrong? The scope of the EEOC's charge by Congress and the just reach of judicial estoppel are not a game of which side of the scale tips more. Each alleged act of discrimination against each employee invokes its own need for invocation of the public interest. Chase is therefore not entitled to summary judgment.

### III. Conclusion

For the foregoing reasons, this Court **DENIES** Chase's motion for summary judgment. (ECF No. 107.)

**IT IS SO ORDERED.**

      /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE