UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

       Plaintiff,                        Case No. 2:09-cv-864
                                        JUDGE GREGORY L. FROST
     v.                                  Magistrate Judge Norah McCann King

JP MORGAN CHASE BANK, N.A.,

       Defendant.

## ORDER

       This case has gone off the rails.

       The Court arrived at such a conclusion while working on the motion for partial summary judgment (ECF NO. 101) filed by Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), and various related motions to strike (ECF Nos. 109, 110, 111, 133, 134, 147) filed either by Defendant, JP Morgan Chase Bank, N.A. ("Chase"), or the EEOC. This work presented a number of issues that make a merits disposition of many of the motions difficult if not impossible, which in turn renders attempting such decisionmaking unfair to both parties.

       First, much of the experts' analysis is unnecessarily incomplete as a result of Chase's improper conduct. Previously, this Court addressed Chase's improper destruction of evidence. As a result of its impropriety, Chase incurred several sanctions, which included this Court denying a motion for summary judgment that Chase had filed. (ECF No. 160.) In the Order imposing sanctions related to the failure to honor the litigation hold, the Court also noted that Chase had belatedly disclosed skill login data for 2009. It is reasonable to infer that this data

1

would logically inform the analyses performed by the parties' experts. This means that because the expert reports involved in the EEOC's pending motion for summary judgment were completed long before Chase "discovered" the 2009 data, the parties have presented this Court with expert opinions based on incomplete data.

Second, the parties have largely failed to place before this Court the majority of the summary judgment evidence on which they seek to rely. In reviewing the EEOC's motion for summary judgment briefing, the Court finds that the EEOC has attached to its motion, the memorandum in support, and the reply memorandum, a total of seventy-five exhibits. Of these seventy-five exhibits (ECF Nos. 101-2 to 101-51 & 123-1 to 123-25), forty-eight of the exhibits are excerpts of deposition transcripts (ECF Nos. 101-2 to 101-5, 101-8 to 101-29, 101-34, 101-37 to 101-40, 101-51, 123-1, 123-4, 123-12 to 123-25). And for these forty-eight deposition transcript exhibits, the EEOC has attached zero court reporter certifications.

A signed court reporter certification is an "essential portion[] of [the] transcript[]." S. D. Ohio Civ. R. 7.2(e). The failure to include such certifications means that any partial or full depositions transcripts fail to qualify as proper summary judgment evidence under Rule 56. *See* Fed. R. Civ. P. 30(f)(1); *Morphew v. Lawhon & Assocs., Inc.,* No. 2:10-cv-716, 2011 WL 6122638, at *2 (S.D. Ohio Dec. 8, 2011) (excluding from summary judgment analysis uncertified deposition transcripts); *Soliday v. Miami Cnty., Ohio,* No. C-3-91-153, 1993 WL 1377511, at *5 n.4 (S.D. Ohio Nov. 22, 1993) (stating that "the Court cannot consider" deposition testimony referenced in summary judgment reply memorandum but not filed with court); *Moore v. Florida Bank of Commerce*, 654 F. Supp. 38, 41 n.2 (S.D. Ohio 1986) (unauthenticated deposition not filed with court is not proper material under Rule 56);

2

*Podlesnick v. Airborne Express, Inc.*, 550 F. Supp. 906, 910 (S.D. Ohio 1982) (depositions not filed with court but referred to in summary judgment memoranda were not considered in court's decision). *See also Orr v. Bank of America, NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002) (discussing unauthenticated deposition extracts). What this means is that the majority of the documents upon which the EEOC relies in seeking summary judgment fails to constitute summary judgment evidence, which in turn means that this Court will not consider the documents. *See Harris v. City of St. Clairsville, Ohio*, 330 F. App'x 69, 71-72 (6th Cir. 2008) (affirming refusal to consider uncertified depositions in summary judgment analysis).

Such exclusion from consideration is neither harsh nor unexpected in light of the fact that the same core rationale for exclusion has been applied multiple times in this District. *See, e.g., Lamberson v. Cowan Sys., LLC*, No. 2:09-cv-1070, 2011 WL 2462650, at *4 (S.D. Ohio June 17, 2011); *Zep Inc. v. Midwest Motor Supply Co.*, 726 F. Supp. 2d 818, 823 n.3 (S.D. Ohio 2010); *Koch v. Cnty. of Franklin, Ohio*, No. 2:08-cv-1127, 2010 WL 2386352, at *7 (S.D. Ohio June 10, 2010); *Weimer v. Honda of America Mfg., Inc.*, No. 2:06-cv-844, 2008 WL 2557252, at *1 (S.D. Ohio June 23, 2008); *Ullman v. Auto-Owners Mut. Ins. Co.*, 502 F. Supp. 2d 737, 744-45 (6th Cir. 2007); *Hinkle v. Norfolk S. Ry. Co.*, No. 2:05-cv-574, 2006 WL 3783521, at *6 n.10 (S.D. Ohio Dec. 21, 2006); *Harris v. City of St. Clairsville, Ohio*, No. C2-04-cv-1179, 2006 WL 3791404, at *4 (S.D. Ohio Dec. 21, 2006); *United States v. Standring*, No. 1:04CV730, 2006 WL 689116, at *4 (S.D. Ohio Mar. 15, 2006).

Moreover, this understanding of the certification requirement is hardly unique to this District. *See, e.g., Romanowski v. RNI, LLC*, No. C 06-6575 PJH, 2008 WL 361125, at *4 (N.D. Cal. Feb. 11, 2008); *Varela v. San Francisco City & Cnty.*, No. C 06-01841 WHA, 2007 WL

205069, at *2 (N.C. Calif. Jan. 25, 2007); *Witherow v. Crawford*, No. 3:01-CV-00404-LRH (VPC), 2006 WL 3845145, at *5 (D. Nev. Dec. 28, 2006); *Roberts v. Boeing Co.*, No. CV 05-6813 FMC (Shx), 2006 WL 4704616, at *1 (C.D. Cal. Sept. 8, 2006); *Gastelum v. Abbott Labs.*, No. CV 05-645 PHX NVW, 2006 WL 2456199, at *3 (D. Ariz. Aug. 22, 2006); *AMCO Ins. Co. v. Madera Quality Nut LLC*, No. 1:04-CV-06456-SMS, 2006 WL 2091944, at *24 (E.D. Cal. July 26, 2006); *Magana v. Sacramento Cnty. Main Jail*, No. CIVS03-2061DFLKJMP, 2006 WL 314486, at *3 (E.D. Cal. Feb. 9, 2006).

Although not to this Court's liking, the Court would ordinarily simply render a summary judgment decision without considering the uncertified deposition transcripts. But as the following comments explain, additional circumstances have muddled even such a distasteful yet proper path.

It is well settled that the EEOC cannot evade the unsigned certification errors by seeking refuge in the fact that the Local Civil Rules permit the filing of "deposition excerpts" as attachments to summary judgment memoranda. *See* S. D. Ohio Civ. R. 7.2(e). That same rule also requires that "[e]vidence submitted . . . shall be limited to that necessary for decision and shall include only essential portions of transcripts or exhibits referenced in the memorandum." S. D. Ohio Civ. R. 7.2(e). The court reporter certification is an essential portion of a transcript necessary for decision because it qualifies any submitted transcript pages as summary judgment evidence. The Local Civil Rules also mandate the filing of the certification. *See* S. D. Ohio Civ. R. 5.4(b) ("All deposition transcripts filed with the Clerk must include . . . the certificate described in Fed. R. Civ. P. 30(f)."). A certification therefore must appear somewhere in the record at the time a party relies upon it, and it does not here.

The key clauses in the last sentence are "appear somewhere in the record" and "at the time a party relies upon it." The Local Civil Rules provide:

> When a substantial number of pages of deposition transcripts or exhibits must be referenced for the full and fair presentation of a matter, counsel shall simply reference in their memoranda the specific pages at which key testimony is found, and assure that a copy of the entire transcript or exhibit is timely filed with the Clerk.

S. D. Ohio Civ. R. 7.2(e). Rather than filing a certification for each deposition transcript excerpt and rather than filing each full certified deposition transcript separately on the docket from the excerpts, the EEOC simply filed uncertified excerpts. In connection with its own motion for summary judgment, Chase in turn filed many certifications days after the EEOC had relied on excerpts of presumably the same depositions. Chase often provided its certifications to support different pages than the pages upon which the EEOC relies, and neither party bothered to file the entire transcript on the docket in accordance with Local Civil Rule 7.2(e).

Instead, something odd transpired. In separate April 2012 letters to the judicial officer previously assigned to this case, counsel for the parties informed him that they had sent him various "complete deposition transcripts" that had been provided "in lieu of publicly filing them." One of the letters indicated that the certified deposition transcripts were being sent to chambers and not filed pursuant to a conversation with a court employee. A third letter, sent in May 2012, echoes this approach, indicating that counsel had provided an additional deposition transcript. This letter, like the prior letter from the same counsel, stated, "Kindly advise if Chambers needs any particular deposition exhibit and it will be forwarded promptly."

"Chambers" does not *need* anything. A party may *want* to have actual evidence before the district court judge charged with ruling on a motion, which would necessitate that party filing

5

the evidence with the trial court. That same party or the opposing party may *want* to have the evidence actually considered by the district court available to the court of appeals rather than floating outside the docket in a large box sitting next to a desk in a district court office, an appellate strategy that would again involve actually filing the evidence with the trial court. "Chambers"–the Court–is charged with resolving what is before it, not in parsing the record for helpful exhibits that it could solicit from a party when that party has failed to provide such exhibits. The same goes for reporter certifications. Thus, although "Chambers" does not *need* anything to reach a decision given that the easiest decision of all would be no evidence equals no summary judgment, "Chambers" *wants* to be able to do its job and, ideally, render decisions on the merits involved.

That last task entails the parties following the Federal Rules of Civil Procedure, which provide that a court shall consider only record evidence in its summary judgment analysis. *See, e.g.,* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ") & (C) ("The court need consider only the cited materials, but it may consider other materials in the record"). It includes following the Local Civil Rules. *See* S. D. Ohio Civ. R. 5.4(b) & 7.2(e). And it avoids filing less than what is necessary and then sending to chambers documents extrinsic to the docket. It avoids placing the onus on the Court to ferret out what the Court can and should examine. It avoids forgetting that if you do not want something filed for public consumption for a good reason, you can file a motion to file it under seal and possibly obtain the secrecy you want.

The letter to the judicial officer previously assigned to this case that references a

conversation with a court employee does not indicate whether that individual told counsel to keep the certified transcripts off the record or whether counsel told that employee that was the course counsel was going to take. The unfortunate end result under either scenario would be the same: an error that thwarts consideration of the depositions as they appear on the record. This is not to say that there may or may not be good reason for filing the full depositions involved here outside the public eye via filing under seal. The deposition topics of swinging, cocaine use, sexual harassment, and other tawdry and at times illegal behavior allegedly by Chase employees might warrant filing under seal, although that is doubtful. These topics do not warrant the close-enough-for-litigation approach the parties have adopted either as a result of their own election or perhaps based upon the misguided advice of a court employee.

    Whatever the source of the errors set forth above, the Court is left with expert reports that do not include consideration of 2009 data that is likely relevant, numerous deposition transcripts that it cannot take into account, and the improperly party-assigned burden of letting a party know whether the Court would like to look at any missing evidence. Against this backdrop the parties are attempting to exclude expert reports, debating whether they have been properly and timely disclosed, whether they are supplemental clarifications or present new analyses, and whether their methodology makes sense. The parties are also fighting over whether other summary judgment exhibits are properly before the Court for a variety of reasons. All of this amounts to briefs that depend on incomplete or impermissible evidence sitting on the undersigned's desk and a box of likely useful deposition transcripts sitting next to that desk but not on the actual docket of this litigation.

    This is frustrating. The Court has read, some more than once, the twenty briefs related to

the motions before it. (ECF No. 101, 109, 110, 111, 113, 114, 116, 123, 129, 130, 131, 133, 134, 141, 142, 145, 146, 147, 151, 153.) This Court has also reviewed the briefing in Chase's denied-as-a-sanction motion for summary judgment, which Chase attempts to incorporate by reference into its briefing on the EEOC's motion for summary judgment. The Court would add up how many pages all of this briefing constitutes and how much of that briefing is pointless given the state of the record evidence, but the point is made without completing that exercise in futility.

The point is that during this reading, the Court has struggled with whether excluding much of the evidence is fair and why it is addressing expert reports that do not incorporate the 2009 data when one side or the other or both will no doubt seek to introduce that data and analysis of that data at trial via one or more new expert reports should this matter proceed to trial. The likely forthcoming new expert report or reports would essentially moot whether the other reports are impermissible. In light of Chase's behavior, this Court could not deny the EEOC the right to a new expert report that incorporates the belatedly produced 2009 data. Chase might also wish to produce a new report utilizing this data.

The extant question is whether justice compels holding the parties to their self-inflicted or court-induced mistakes and the odd circumstances that have infected this case or whether it warrants an attempt at remedying the ills before the Court. This case has been pending longer than necessary, and it has too often been the victim of parties that in pursuing vigorous litigation either have missed that which they should have caught or have fought unnecessary skirmishes instead of focusing on the war. But the Court wants to reach the merits and not waste its time on meritless endeavors presented as a result of poor litigation choices, poor even if well intentioned filing advice, and any other such issues that lead nowhere near the merits of whether Chase has

or has not engaged in various forms of discrimination. In other words, the Court has concluded that fairness to both parties and the process itself requires a partial reset of this litigation, however unfortunate that may be given the time and money that has been exhausted.

In an effort to remedy the issues plaguing this litigation and to place this case on track toward resolution, the Court **ORDERS**:

(1) the EEOC's motion for partial summary judgment is **DENIED WITHOUT PREJUDICE** (ECF No. 101);

(2) Chase's motions to strike are **DENIED WITHOUT PREJUDICE** (ECF Nos. 109, 110, 111, 133, 134);

(3) the EEOC's motion to strike is **DENIED WITHOUT PREJUDICE** (ECF No. 147);

(4) all final expert report disclosures shall be made on or before April 12, 2013;

(5) all rebuttal expert report disclosures shall be made on or before May 13, 2013;

(6) all expert discovery shall be completed by June 12, 2013;

(7) the EEOC may file a motion for summary judgment on or before July 12, 2013 (and Chase cannot, or else this Court's February 28, 2012 sanction would be largely meaningless);

(8) Chase shall file a memorandum in opposition on or before August 5, 2013;

(9) the EEOC shall file a reply memorandum on or before August 22, 2013;

(10) the EEOC's motion for summary judgment shall come on for a non-oral hearing on August 29, 2013;

(11) the final pretrial conference will be held in chambers on December 18, 2013, at 12:00 p.m.;

(12) the jury trial will commence on February 3, 2014, at 9:00 a.m.;

(13) in the event of a discovery dispute, no party may file a motion to compel or for a protective order without this Court holding a telephone status conference and permitting such filing in the event an agreed resolution cannot be reached; and

(14) no party may file a motion to strike or a motion for sanctions without this Court holding a telephone status conference and permitting such filing in the event an agreed resolution cannot be reached.

The parties should note that this Court is not inclined to modify this case schedule at their request. If the EEOC elects not to file a motion for summary judgment, however, this Court will attempt to find earlier final pretrial conference and trial dates, although the Court's current trial schedule makes such modification unlikely.

**IT IS SO ORDERED.**

    /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE