**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY** | : | |
| **COMMISSION,** | : | Case No. 2:09-CV-00864 |
| | : | |
| Plaintiff, | : | Judge Gregory L. Frost |
| | : | |
| v. | : | Magistrate Judge King |
| | : | |
| **JP MORGAN CHASE BANK, N.A.,** | : | |
| | : | |
| Defendant. | : | |

**CONSENT DECREE**

INTRODUCTION

1.      Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") commenced this action on September 29, 2009, in the United States District Court for the Southern District of Ohio, against Defendant JP Morgan Chase ("Defendant").  In its Amended Complaint, the Commission alleged that Defendant engaged in discriminatory employment practices by subjecting female Mortgage Consultants in its Consumer Direct Sales department at its Polaris Park, Columbus, Ohio facility, currently referred to as Mortgage Bankers, to different terms and conditions of employment based on their sex, which negatively impacted their compensation, including their ability to earn bonuses and commissions. The Commission also alleged that Defendant subjected the female employees to a hostile work environment based on sex which included the imposition of sex-based loan assignments, and sex-based demeaning remarks, all created, fostered and maintained by management.

2.      This Decree shall not constitute an adjudication on the merits of the Commission's case and shall not be construed as any admission by Defendant of any discriminatory practice or of liability with respect to any Claimant.

3.      As a result of settlement discussions, the Commission and Defendant have resolved their differences and have agreed that this action should be settled by entry of this Consent Decree.  It is the intent of the parties that this Consent Decree be a final and binding settlement in full disposition of any and all claims alleged in the Complaint against Defendant and shall apply only to the Mortgage Bankers working at Defendant's Consumer Direct Sales department at the Polaris Park, Columbus, Ohio facility.

## FINDINGS

4.      The EEOC is the Agency of the United States government authorized by Title VII to investigate allegations of unlawful employment discrimination because of sex, to bring civil actions to prohibit unlawful practices, and to seek relief for individuals affected by such practices.

5.      Defendant is an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Section 2000e-(b), (g) and (h).  Defendant has continuously had and does now have at least fifteen (15) employees.

6.      Pursuant to Title VII, the parties acknowledge the jurisdiction of the United States District Court for the Southern District of Ohio over the subject matter and over the parties to this case for the purpose of entering this Consent Decree and, if necessary, enforcing this Decree.

7.      Venue is appropriate in the Southern District of Ohio.  For purposes of this Decree and any proceedings related to this Decree, Defendant agrees that all statutory conditions precedent to the institution of this lawsuit against Defendant have been fulfilled.

2

8.    Having examined the terms and provisions of the Consent Decree and based on the pleadings, records, and stipulations of the parties, the Court finds the following:

    A.    The Court has jurisdiction over the subject matter of this action against Defendant and the parties;

    B.    The terms and provisions of this Consent Decree are fair, reasonable, and just. The rights of Defendant, the EEOC, and those for whom the EEOC seeks relief are adequately protected by this Decree;

    C.    The Consent Decree conforms with the Federal Rules of Civil Procedure, Title VII, and is not in derogation of the rights and privileges of any person.  The entry of this Consent Decree will further the objectives of Title VII and will be in the best interests of the parties and those for whom the EEOC seeks relief.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

## NON-DISCRIMINATION

9.    This Decree shall apply only to the Mortgage Bankers working at Defendant's Consumer Direct Sales department at the Polaris Park, Columbus, Ohio facility.

10.    Defendant is hereby enjoined from engaging in the sex-based harassment of any employee.  The prohibited harassment includes the imposition of disparate terms and conditions of employment, the assignment of loans, leads, incentive compensation, and bonuses based on sex, the use of offensive or derogatory comments, or other verbal or physical conduct based on an individual's sex, which creates an intimidating, hostile, or offensive working environment, or interferes with the individual's work performance in violation of Title VII, which, in part, is set forth below:

It shall be an unlawful employment practice for an employer --

(1) ... to discriminate against any individual with respect to [his or her] ... terms, conditions, or privileges of employment, because of such individual's ... sex ....

42 U.S.C. § 2000e-2(a)(1).

## NON-RETALIATION

11.     Defendant is further enjoined from retaliating against any employee who complains of

harassment based on sex, as set forth in the following provision of Title VII:

It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

## DURATION OF DECREE

12.     This Consent Decree shall be in effect for a period of two (2) years from the date it is

entered by the Court.

## MONETARY RELIEF

13.     Defendant will pay a total of $1,450,000 to resolve this action: $979,389 as compensatory

and punitive damages and $470,611 as back wages.   The claimants who will receive payments

shall be determined solely by EEOC, which will notify Defendant, within seven (7) days after

entry of the Decree, of the amount of distribution to each claimant and provide to Defendant

each claimant's address and a signed W-9 form for each claimant. Within twenty one (21) days

after EEOC provides the names, amounts, addresses and signed W-9 forms, Defendant will send

checks in the amounts determined by EEOC to each of the identified claimants.  Within fourteen

(14) days after these payments, Defendant will send a photocopy of each claimant's check, along

with a photocopy of the Federal Express receipt, to the EEOC's attorney of record. Defendant

will send to each identified claimant two checks, one check representing lost wages (minus all deductions required by law) and the second check representing compensatory damages, and will mail both checks by Federal Express. Defendant will issue to each claimant a Form W-2 representing the amount of lost wages and a Form 1099 representing the amount of compensatory damages.

14.     If, for any reason, funds remain after Defendant has attempted to distribute all funds to the identified claimants, any remainder funds will be contributed to a charity to promote women's workplace readiness.

EQUITABLE RELIEF: NOTICE TO EEOC OF CLAIMS

15.     On a quarterly basis commencing June 1, 2014 and ending on March 1, 2016, Defendant shall give notice to the Commission of the institution of any judicial or administrative proceeding (including the filing of a charge or complaint with the Ohio Civil Rights Commission) against Defendant, wherein the person or entity instituting the proceeding alleges sex-based/sexual harassment or other sex discrimination arising from alleged conduct involving Mortgage Bankers at the Consumer Direct Sales department of Defendant's Polaris, Ohio facility or any successor facility where Defendant's Ohio-based Mortgage Bankers in its Consumer Direct Sales department may relocate,  and include a copy of the complaint or charge.

<strong>EQUITABLE RELIEF</strong>: AUTOMATIC CALL DISTRIBUTION SYSTEM<br/>RECORDKEEPING AND REPORTING.

16.     By June 1, 2014 Defendant shall create the following records (which may be from multiple sources) related to Mortgage Bankers at the Consumer Direct Sales department of Defendant's Polaris Ohio facility and preserve them for three (3) years after the date Defendant commences creating these records.  If Defendant should make any change to its systems such

5

that the creation of any of the records are impractical, the parties will meet in good faith to attempt to agree on appropriate changes to this paragraph. If the parties cannot agree, they will submit the matter to the Court.

      a.     Defendant will maintain, in electronic form, a system log that records changes to ACD skill/level assignments, sufficient to memorialize all changes to Mortgage Banker skill assignments and skill levels along with information sufficient to determine the names of the persons who initiated the change during the effective period of this Consent Decree.

      b.     Defendant will create and maintain quarterly snapshots which will show the agent selection method and call selection method employed in the ACD system for the Mortgage Bankers at the Polaris facility throughout the effective period of this Consent Decree.

      c.     Defendant will maintain, in electronic form, for the effective period of the Consent Decree, a record of all individual applications taken by each Mortgage Banker, along with the date of application, the amount of funding sought, and the Mortgage Banker's record of the skill queue or other source through which the caller initially reached the Mortgage Banker who took the application.

      d.     Defendant will maintain, in electronic form, for the effective period of the Consent Decree, a record of all individual applications taken by each Mortgage Banker that funded and closed, along with the date of funding, the amount of funding, and the Mortgage Banker's record of the skill queue or other source through which the caller initially reached the Mortgage Banker who took the application.

      e.     Defendant will maintain all individual Mortgage Bankers' ACD call record data throughout the duration of this Consent Decree. Such call record data shall include, at minimum, each Mortgage Banker's name, the date and duration of each call, the skill to which the call was

routed, and the skill level assigned to that Mortgage Banker's skill assignment at the time the Mortgage Banker answered the call.

      f.     Defendant will maintain all individual Mortgage Bankers' skill login data throughout the duration of this Consent Decree.  Such skill login data shall include, at minimum, each Mortgage Banker's name, the date and time of login, the skills the Mortgage Banker was assigned at time of login, and the skill level assigned to each Mortgage Banker's skills at the time of login.

      g.     Defendant will create, maintain, and update as needed a summary record of all skill codes, skill code nomenclature, brief description of skill, period of use of that skill, Mortgage Banker membership in each skill queue, skill level assigned to each skill, and period of skill and skill level assignment throughout the duration of this Consent Decree.

      h.     Defendant will maintain a record of all individual Mortgage Bankers' team leader/supervisor, and manager/AVP on a weekly basis throughout the duration of this Consent Decree, in sufficient detail to allow determination of each Mortgage Banker's first- and second-level supervisors on any given date within the period.

      i.     For any skill newly employed in the Polaris ACD system for Mortgage Bankers in the Consumer Direct Sales department during the effective period of this Consent Decree, Defendant shall maintain all documents describing the reason for the new skill, its intended target audience, its employment dates,  the dial-in (or 1-800) numbers assigned to the skill, the names of Mortgage Bankers assigned the skill, the skill levels assigned to Mortgage Bankers who are assigned the skill and  volume of calls answered, applications, and fundings; funding volumes; conversion rate; and pull-through rate.  Defendant shall maintain in electronic form records of the dial-in (1-800) numbers routed to each skill, and in sufficient form to allow the

7

determination of the routing of any dial-in (1-800) number on any day throughout the duration of this Consent Decree.

17.     If changes to Defendant's ACD system make collection or preservation of the above records impossible or impracticable, Defendant shall notify EEOC sixty (60) days prior to the implementation of the change, stating in particular the recordkeeping requirement affected by the change, its expected extent, and the reasons why the recordkeeping requirement will be affected.

18.     Defendant shall produce the records set forth in Paragraph 16(a)-(i) above on an annual basis beginning March 1, 2015 and ending March 1, 2016 , provided, however, that nothing in this Paragraph shall impede EEOC's access to these records as otherwise provided by law in the performance of EEOC's statutory duties.

EQUITABLE RELIEF: REPORTS TO EEOC OF DISCRIMINATION<br>ALLEGATIONS AND WITNESSED CONDUCT

19.     On a quarterly basis commencing June 1, 2014 and ending March 1, 2016, Defendant shall submit written reports to the Commission's Baltimore Field Office, to the attention of the Regional Attorney regarding all written or oral complaints of sex/sexual harassment or other sex discrimination made to Defendant's Human Resources Department or Corporate Employee Relations Department, whether sufficient to state an actionable claim under Title VII or not, and any corrective action taken in response to the complaints.  Such reports shall contain the following: the dates and time period pertinent to the complaint; the allegations of sex/sexual harassment or other sex discrimination, the full name, job title, work address, last known home address, and last known home telephone number of any complainant; the full name, job title and work address of any persons who received any complaints; if other than the complainant, the full name, job title,  work address of  any person alleged by a complainant to have been a victim of

sex discrimination or sex based harassment, and the full name, job title, work address, and professional relationship to the complainant or alleged victim of the person or persons whose conduct is the subject of a complaint. Such reports must be updated and sent to the Commission's Baltimore Field Office on a quarterly basis until final action is taken by Defendant on the complaint or the circumstances suggesting possible sex discrimination.

EQUITABLE RELIEF: POLICIES AND TRAINING

20.     At the Consumer Direct Sales department of its Polaris facility Defendant shall adhere to a sex/sexual harassment policy that is consistent with the requirements of Title VII. Defendant shall notify EEOC sixty (60) days in advance should Defendant intend to make any substantive changes to its Equal Opportunity, Anti-Discrimination and Anti-Harassment Policy – Global, last updated 10/1/13.

21.     By June 1, 2014, and again not later than June 1, 2015, Defendant shall provide to all Supervisors, Managers, and Directors of Mortgage Bankers within the Consumer Direct Sales department at its Polaris facility two hours of training regarding Title VII, with particular focus on sex based disparate treatment and its various forms, including but not limited to terms and conditions of employment, including harassment and retaliation. Defendant shall also provide such training to all persons who acquire such positions during the term of the Decree within sixty (60) days of their first day at work in such positions.

On an annual basis, Defendant will forward to the Commission a list reflecting the names and job titles of attendees of such training. The training will be designed and provided by in-house employment counsel or a third-party consultant (to be approved by the EEOC), at Defendant's expense. The provider's identity and credentials and the content of the training program (including training manuals and handout materials), shall be forwarded to the EEOC at

9

least thirty (30) days prior to the training.   Defendant represents that it already provides training and will continue to provide training to all persons in Defendant's human resources department charged with supporting the personnel from the Polaris Consumer  Direct Sales department.

EQUITABLE RELIEF: POSTING OF NOTICE

22.     Defendant shall post a copy of the Notice attached as Attachment A in a conspicuous location at its facilities where employee notices for Mortgage Bankers at the Polaris Consumer Direct Sales department personnel are posted.  The Notice shall be posted for the duration of this Consent Decree.   In the event that the notice becomes defaced, marred or otherwise made unreadable, Defendant shall immediately post a readable copy of such notice(s).

EMPLOYMENT VERIFICATION

23.     Defendant will instruct its managers, supervisors, and all individuals with personnel oversight of Mortgage Bankers within the Polaris Consumer Direct Sales to direct employment verification requests to the JPMorgan Chase Automated Verification System at 212-622-8650. This system limits the release of information to dates of employment and last position held unless the employee authorizes release of salary information.

DISPUTE RESOLUTION AND COMPLIANCE

24.     In the event either party to this Decree believes the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance within twenty (20) business days of the alleged non-compliance and afford the alleged non-complying party twenty (20) business days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied.  If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within twenty (20) business days, the complaining party may apply to the

10

Court for appropriate relief.

25.     This Court will have all available equitable powers to enforce this Decree, including injunctive relief.

COURT COSTS AND ATTORNEY FEES

26.     Each party shall bear its own court costs and attorneys' fees.

MISCELLANEOUS

27.     If any provision(s) of this Consent Decree is found to be unlawful, only the specific provision(s) in question shall be affected and the other provisions will remain in full force and effect.

28.     If during the duration of this Consent Decree Defendant's Consumer Direct Sales Department at the Polaris Park, Columbus, Ohio is acquired by another entity in a transaction which includes the Mortgage Banker employees working at the Polaris Park, Columbus, Ohio facility, this Consent Decree shall be binding upon that entity.

29.     When this Consent Decree requires the submission of any documents to the EEOC, if not otherwise indicated in the Decree or Attachments, they shall be mailed or electronically transmitted to the Commission's Baltimore Field Office and to the attention of the Regional Attorney.


IT IS AGREED:

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION                    JP MORGAN CHASE

P. DAVID LOPEZ                            */s/ Angelique Paul Newcomb*
General Counsel                           ANGELIQUE PAUL NEWCOMB
                                          Littler Mendelson
JAMES LEE                                 21 East State Street, 16th Floor
Deputy General Counsel                    Columbus, OH  43215
                                          614.463.4246

11

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Mark S. Dichter
MARK S. DICHTER
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania 19103-2921

/s/ Debra M. Lawrence
DEBRA M. LAWRENCE
Regional Attorney
EEOC-Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, MD 21201
Office #: (410) 209-2734

/s/ David Staudt
DAVID STAUDT
Senior Trial Attorney
EEOC-Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, MD 21201
Office #: (410) 209-2249

/s/ Deborah Kane
DEBORAH KANE
Senior Trial Attorney
EEOC-Pittsburgh Area Office
William S. Moorhead Federal Building
1000 Liberty Avenue, Suite 1112
Pittsburgh, Pennsylvania 15222
(412) 395-5866

Dated:

IT IS SO ORDERED:

DATED:                                         /s/   Gregory L. Frost
                                               GREGORY L. FROST
                                               United States District Judge

**NOTICE TO EMPLOYEES POSTED PURSUANT TO A CONSENT
DECREE BETWEEN THE UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION AND JP MORGAN CHASE**

Under Section 703(a) of Title VII, it is unlawful for an employer to "discriminate against any individual with respect to his [or her]... terms, conditions, or privileges of employment because of such individual's … sex …."

A sex-based hostile work environment results from the discriminatory imposition of terms and conditions of employment on one sex over another sex. This can include disparate assignments of calls, loans, and skills, and disparate application of workplace rules and criteria and such that one sex is disadvantaged.

Harassment on the basis of sex violates Title VII. The use of offensive or derogatory comments, or other verbal or physical conduct based on an individual's sex constitutes unlawful harassment if the conduct creates an intimidating, hostile, or offensive working environment, or interferes with the individual's work performance.

Under Section 704(a) of Title VII, "it shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

JP MORGAN CHASE WILL NOT engage in any acts or practices made unlawful by the above sections.

JP MORGAN CHASE WILL NOT engage in any harassment of employees based on sex.

JP MORGAN CHASE WILL NOT retaliate against employees for complaining about harassment based on sex.

> JP MORGAN CHASE
> (Employer)

Dated: \_\_\_\_\_        By:   _____

EXHIBIT "A"

13